USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NOUK BASSOMB,
                Plaintiff,

    -against-

VOLUNTEERS OF AMERICA - GREATER
NEW YORK, RICHARD MOTTA, KIMBERLY
JACKSON-FORDE, and EARL BENJAMIN

                Defendants.
------------------------------------X

05 Civ. 7629 (DAB)(FM)
ADOPTION OF REPORT AND
RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    On December 7, 2006, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1654 be granted.  (Report at 16.)  For the reasons contained herein, Magistrate Judge Maas' Report shall be ADOPTED in its entirety.

## I. DISCUSSION

    Pursuant to 28 U.S.C. § 636(b)(1)(c), "[w]ithin ten days after being served with a copy [of the Magistrate Judge's report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations."  28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the

1

recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."). The District Court is required under 28 U.S.C. 636(b)(1)(c) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made."

A.   General Objections

Most of Plaintiff's objections are generalized attacks on the entire Report. When a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v Peters, 1997 WL 599355, at *7 (N.D.N.Y. Sept. 22, 1997) (where only general objections are filed to report and recommendation, a court need only review for clear error) (citing cases). Indeed, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ." Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Such objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (citations and internal quotations omitted).

See also <u>Kiggins v. Barnhart</u>, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(c); <u>see also</u> Local Civil Rule 72.1(d).

    Plaintiff objects generally to the Report several times. For example, he writes: "I am not sure that [Judge Maas] is a proper person to write a report nor suggest any recommendation on this case. For this reason . . . I object to the use of his report." (Pl.'s Obj. ¶ 14.) Plaintiff also takes issue with various factual findings in the Report, but then fails to cite the relevance of those findings to Judge Maas' legal conclusions. For example, Plaintiff argues that Judge Maas misunderstood the differences between graduate degree programs in France and graduate degree programs in the United States, but then neglects to explain how any misperception of those differences did, or even could, taint Judge Maas' legal analysis. Plaintiff only contends that this alleged factual discrepancy sullies the whole of Judge Maas' Report: "If only one part of an intellectual

elaboration is false, the whole construct is false." (Pl.'s Obj. ¶ 8.)

Plaintiff further insinuates that the Court should transgress the limits imposed on it by law, i.e., the limits imposed by subject matter jurisdiction and standing requirements, so that he can obtain redress for some non-cognizable wrong:

> It is not yet created, a word that describes or qualifies the behavior of a human being who, upon being told that men slaughter one another for a bed in the richest city of the world [sic] richest country runs to his law reference book and starts searching for which statute has been violated. But humanity has known judges who threw away their robes to stand for the right. I hope Your Honor might be such a towering figure.

(Pl.'s Obj. ¶ 21.)

Each of these objections is general and does not trigger de novo review. Without reference to specific factual findings that are incorrect and without citation to specific legal principles that counsel against Judge Maas' recommendations, the Court need not, and does not, give de novo consideration to such objections.[1]

---

[1] Plaintiff also objects to Judge Maas' underlining of the word pro se. According to Plaintiff, this indicates that Judge Maas was fixated on Plaintiff's status as a pro se litigant, a fixation that Plaintiff dubs "excessive." (Pl.'s Obj. ¶ 15.)
  Judge Maas underlined pro se because doing so comports with the general practice by judges and litigators of underlining or italicizing non-English words. See The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n et al. Eds., 18th

B. <u>Supplemental Exhibits</u>

Plaintiff further objects to what he characterizes as Judge Maas' decision not to consider all of the materials submitted after the filing of the Motion papers. After noting that Judge Maas considered the Volunteers of America Employee Handbook, Plaintiff writes that: "Proper scholarship demands that 'when one considers one, nee [sic] considers all.'" (Pl.'s Obj. ¶ 2.) But this argument misapprehends Judge Maas' reasoning. Judge Maas' decision not to address Plaintiff's further submissions was not made without examining those documents. Rather, Judge Maas writes:

> Since filing his opposition papers, Bassomb has sent the Court a series of letters seeking to supplement the record with other exhibits or observations. (<u>See, e.g.</u>, letters from Bassomb to the Court dated Oct. 11 & Dec. 24, 2005, July 12, Sept. 11 & Nov. 15, 2006). Virtually all of this correspondence is irrelevant to the narrow issues properly before this Court. Accordingly, with the exception of a VOA Employee Handbook attached to one of his letters, I have not considered any of these further submissions in preparing this Report and Recommendation.

(Report at 5, n.3.) It is not true that Judge Maas, as Plaintiff

---

ed. 2005), at 75. Moreover, whatever 'fixation' Judge Maas might have on Plaintiff's status as a <u>pro se</u> litigant could only have worked to Plaintiff's benefit. As Judge Maas writes on page 9 of the Report and Recommendation, "when a plaintiff is proceeding <u>pro se</u>, as here, the complaint must be held 'to less stringent standards than formal pleadings drafted by lawyers.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (<u>per curiam</u>).

suggests, chose not to inspect the supplemental materials altogether; rather, upon his inspection of them, Judge Maas decided that they were not germane to the claims over which this Court maintains jurisdiction. Plaintiff does not direct the Court to specific supplemental materials that are, contrary to Judge Maas' conclusion, relevant. Even were the Court obligated to consider evidence not filed properly or in a timely fashion, Judge Maas' decision not to enumerate specific conclusions about each of these materials, in light of their irrelevance, is not in error.

C.   State Action

Plaintiff objects to Judge Maas' conclusion that Defendant Volunteers of America - Greater New York is a private employer. (Pl.'s Obj. ¶ 18.)   He writes:

> At the time I was employed there, New York City Department of Homeless Services (DHS) was the greatest contractor of [Volunteers of America]. Perhaps it still is. This means that DHS gives [Volunteers of America] money to hire workers who will care for 'clients', as the homeless are called in the industry. First, is DHS government? Is New York City government?  If DHS is government, does this government just gives [sic] out money without setting firm guidelines, right to review [sic]?  Isn't [Volunteers of America] just a proxy who simply follows the guidelines of DHS? . . . . [W]hat we are really talking about in this complaint is this government called DHS, that is New York City . . . .

(Pl.'s Obj. ¶ 18.)  Affording Plaintiff the appropriate level of liberality he is owed as a pro se litigant, see Haines, 404 U.S. at 520, this Court deems Plaintiff's statements to be an objection to Judge Maas' finding that none of the Defendants are state actors.

The Supreme Court has identified three possible justifications for determining that particular conduct constitutes 'state action'.  Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982).  First, if there exists a sufficiently close nexus between the state and the challenged action of the regulated entity such that those actions may be fairly treated as those of the state; the inquiry is whether the state is responsible for the specific conduct of which the plaintiff complains.  Id. at 1004.  Secondly, a state may be held responsible for private conduct if it has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state.  Id. Finally, state action may be present if the private entity has exercised powers that are traditionally the exclusive prerogative of the state.  Id. at 1005.  A defendant's action cannot constitute state action "merely because . . . a business [is] subject to extensive state regulation or "affected with the

public interest." Cranley v. Nat'l Life Ins. Co., 318 F.3d 105, 112 (2d Cir. 2003) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)).

The alleged actions by Defendants do not fulfill any of these requirements. Plaintiff does not specifically allege that the state was responsible for Defendants' decision to terminate him. Nor does Plaintiff make any allegations of merit that the government coerced or encouraged Plaintiff's termination. Plaintiff also does not tender any materials or averments that Volunteers of America - or the homeless people it employs - performs services traditionally within the purview of the state.

Volunteers of America is a private employer that operates by its own internal rules of conduct. That Defendant Volunteers of America contracts with DHS and thus may be subject to some DHS regulations does not mean that Plaintiff's termination stemmed from any decision made by the state. Cf. Lown v. The Salvation Army, Inc., 393 F. Supp. 2d 223 (S.D.N.Y. 2005) (barring due process challenges to the Salvation Army's personnel practices because although Salvation Army is engaged in performing functions normally reserved to the government, establishing internal personnel policies is not a government function). Cf. also Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (holding that a private school's personnel regulation did not constitute state

action, even where the school received significant funding from public coffers). Plaintiff's state action objection is without merit.

## II. CONCLUSION

Having reviewed the specific portions of the Report to which Plaintiff objected de novo, and having reviewed the remainder of the Report for clear error, it is hereby:

ORDERED AND ADJUDGED as follows: the Report and Recommendation of United States Magistrate Judge Frank Maas, dated December 7, 2006, is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety.

Accordingly, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1654 is hereby GRANTED.

The Clerk of the Court is DIRECTED TO CLOSE this case and remove it from the docket.

SO ORDERED.

Dated:   New York, New York
         March 12, 2007

                                        _____
                                        Deborah A. Batts
                                        United States District Judge

9